**DELAWARE SAND & GRAVEL COMPANY, a Delaware Corporation, Defendant-Below, Appellant,**

v.

**John C. BRYSON, Secretary of the Department of National Resources and Environmental Control of the State of Delaware, Plaintiff-Below, Appellee.**

Supreme Court of Delaware.

Submitted March 13, 1980.

Decided April 7, 1980.

Timothy M. Rafferty, Wilmington (argued), for defendant-below, appellant.

June D. MacArtor, Deputy Atty. Gen., Wilmington (argued), for plaintiff-below, appellee.

Before DUFFY, McNEILLY and HORSEY, JJ.

McNEILLY, Justice:

This case involves a default judgment entered pursuant to Superior Court Civil Rule 55(b)(1) in favor of the plaintiff, John Bryson as Secretary of the Department of Natural Resources and Environmental Control (the Department), in an action alleging violation of the Department's solid waste disposal regulations. The defendant, Delaware Sand & Gravel Company, through its attorney, entered a stipulation with the Department extending the defendant's time to answer the complaint. After the defendant's failure to file an answer within that time period, the Department procured the entry of the default judgment without prior notification to the defendant of its intentions.

The sole issue we will consider in this appeal is whether the Superior Court erred in denying the defendant's motion to set aside the default judgment? We conclude that the denial was error and reverse.

The parties had engaged in what the Department concedes was a long series of discussions in this matter for about a year prior to the filing of this action. In addition, after suit was commenced, the attorneys representing the parties engaged in discussions in an effort to reach a settlement. Indeed, one reason for the entrance of the stipulation was an effort to allow sufficient time to reach a settlement.

Under the facts of this case, the stipulation for the extension of time filed with the Court and signed by counsel for the defendant was sufficient to constitute an appearance as contemplated in Superior Court Civil Rule 5(aa)(1). Superior Court Civil Rule 55(b), under which the default was entered, provides in part "when a party against whom a judgment for affirmative relief is

sought, *has failed to appear, plead or otherwise defend* as provided by these Rules, . . . judgment by default may be entered as follows . . ." (emphasis added).

Consequently, an appearance having been made, default judgment under Rule 55(b) was unavailable. Because of our disposition of this issue, we do not reach the other issues raised by the parties.

\* \* \* \* \* \*

REVERSED and REMANDED.