**Juanye A. PINKETT, a minor by and through his next friend, Savannah BRITT, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, foreign corporation, Defendant.**

C.A. No. 03C–03–029JTV.

Superior Court of Delaware.

Submitted: May 30, 2003.
Decided: Sept. 24, 2003.

William D. Fletcher, Jr., Esq., Schmittinger & Rodriguez, Dover, for Plaintiff.

Thomas S. Bouchelle, Esq., Bouchelle & Palmer, Newark, for Defendant.

## OPINION

VAUGHN, Resident Judge.

The plaintiff, Juanye Pinkett, a minor, by and through his next friend, Savannah Britt, has moved for default judgment for failure of the defendant to file an answer to the complaint within the time required by the Court's rules.

## FACTS

The relevant facts begin with the filing of the praecipe and complaint on March 18, 2003. The defendant, Nationwide Mutual Insurance Company, was served with process and a copy of the complaint by service on the Delaware Insurance Commissioner.[1] The Insurance Commissioner mailed the process and complaint to the defendant on March 27. The defendant's answer was due April 21.[2]

On April 16, defense counsel entered an appearance on behalf of the defendant but did not file an answer. On April 18, defense counsel wrote to plaintiff's counsel stating, in pertinent part, that he was reviewing the file and would provide an answer or other response in the very near future. Hearing nothing further, on May 9 plaintiff's counsel wrote to defense counsel noting that no answer had been filed and informing him that a motion for default judgment would be filed if an answer or other appropriate response was not filed by May 14.

On May 12, a Tuesday, defense counsel wrote back saying that he would be out of town until the end of the week and would appreciate the indulgence of plaintiff's counsel until the week of May 19 when he returned. He also stated that he believed that since he had entered an appearance, no default judgment could be entered. He further indicated that he had requested a copy of the insurance policy involved and would like to review it before filing the appropriate responsive pleading. Plaintiff's counsel, however, proceeded to file a motion for default judgment on May 20, noticed for presentation on May 30. Copies of the motion and notice were served on defense counsel. On May 22, defense counsel filed a response in opposition to the motion for default judgment. He also filed an answer to the complaint. The motion for default judgment was heard on May 30.[3]

## STANDARD OF REVIEW

Entry of default judgment is a matter within the court's discretion.[4] Generally speaking, it is reserved for those occasions

1. 18 *Del. C.* §§ 524, 525.

2. 18 *Del. C.* § 525, Superior Court Civil Rules 6, 12.

3. The exchanges between counsel were taking place in a context which is not limited to this case. A motion for default judgment in another case involving the same attorneys and similar facts was heard at the same time as the motion in this case. In addition, two months earlier plaintiff's counsel had filed a motion for default judgment in another case in which the defendant in this case was the insurer. In that case no response to the complaint was filed at all and judgment by default was granted. A motion to vacate that judgment has been filed and is pending. The defense attorney involved in this case was not involved in that case.

4. *In re 53.1 Acres of Land in Mispillion Hundred,* 2002 WL 31820972, 2002 Del.Ch. LEXIS 151 (Del.Ch.2002); *United States Surgical Corp. v. Auhll,* 1998 WL 326493, 1998 Del.Ch. LEXIS 75 (Del.Ch.1998).

where there has been a willful or conscious disregard of the rules of the court.[5]

## DISCUSSION

Motions for default judgment are governed by Superior Court Civil Rule 55. Rule 55(b) provides that "when a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules, and that fact is made to appear, judgment by default may be entered."[6] Rule 55(b)(1) provides that default judgment may be entered by the Prothonotary upon written direction of the plaintiff if the plaintiff's claim is for a sum certain and the defendant has failed to appear. Rule 55(b)(2) provides that in all other cases, a party entitled to a judgment by default shall apply to the court therefore. This case is of the latter type because the defendant filed an entry of appearance and also because the amount claimed is not for a sum certain.

▪ The plaintiff contends that default judgment should be entered because the defendant did not file its answer within 20 days after being served as required by Superior Court Civil Rule 12. The defendant offers three grounds as cause for not entering default judgment. First, it contends that the plaintiff failed to comply with the ten day notice requirement set forth in the Civil Administrative Plan for the Superior Court in Kent County. After taking into account intervening weekends and legal holidays, the period from May 20 to May 30 is less than 10 days. However, both parties appeared on the date for which the motion was noticed and were fully heard. There is no prejudice to the defendant by the motion being heard on May 30, as opposed to a later date. The second ground given by the defendant for not entering default judgment is that defense counsel asked for the indulgence of plaintiff's counsel until the week of May 19 to file an answer because defense counsel was to be out of town between May 12 and Monday, May 19. However, by May 12 the answer was three weeks overdue and no extension of time had been agreed upon between counsel. Plaintiff's counsel was under no obligation to indulge defense counsel.

▪ The gist of the third ground offered by the defendant for not entering default judgment is this: since counsel entered an appearance and filed an answer, default judgment *cannot* be granted, even though the answer was not filed until after the motion for default judgment. It relies upon three cases, *Delaware Sand and Gravel v. Bryson,*[7] *Holland v. Sterling,*[8] and *Lewis v. Harman.*[9]

In *Delaware Sand and Gravel,* the plaintiff and defendant entered into a stipulation extending the defendant's time to answer the complaint. After the defendant failed to file an answer within the extended time, the plaintiff obtained entry of default judgment without prior notification to the defendant. The sole question on appeal was whether the trial court

---

5.  *Durham v. Wilmington Trust Co.,* 547 A.2d 131 (Del.1988).

6.  Delaware's Rule 55 is not identical to the federal rule. The federal rule states that default judgment may be entered when a party has "failed to plead or otherwise defend." Federal Rule of Civil Procedure 55(a). It makes no reference to an entry of appearance.

7.  414 A.2d 207 (1980).

8.  1988 WL 130385, 1988 Del.Super. LEXIS 410 (Del.Super.1988).

9.  1986 WL 4867, 1986 Del.Super. LEXIS 1163 (Del.Super.1986).

erred in denying the defendant's motion to set aside the default judgment. The Supreme Court found that the stipulation constituted an entry of appearance by the defendant. After noting that Rule 55(b) allows for entry of default judgment where a party *"has failed to appear, plead or otherwise defend* as provided by these Rules," the court stated that "an appearance having been made, default judgment under Rule 50(b) was unavailable."

In *Holland,* the defendant filed an entry of appearance, answer to the complaint and answers to Form 30 interrogatories ten days *after* the plaintiff filed a motion for default judgment, but before the motion was presented. Although the court did award the plaintiff attorney's fees for time relating to the motion, it found that *Delaware Sand & Gravel* was "controlling and default judgment is unavailable since defendant has entered an appearance and filed answers to the complaint and interrogatories."

In *Lewis,* the primary issue was whether a defendant's appearance at a deposition was sufficient to constitute an entry of appearance. The party was served with process but filed no answer or other response. Later, he did appear for a deposition, *pro se.* After the plaintiff filed a motion for default judgment, the defendant retained counsel who filed a response in opposition to the motion. The court reasoned that under *Delaware Sand and Gravel,* the appearance at the deposition was sufficient to constitute an entry of appearance "so as to deny a default judgment under Rule 55(b)."

*Delaware Sand and Gravel* is distinguishable, because in that case the plaintiff failed to give prior notice that a motion for default judgment would be presented, whereas here notice was given. Rule 55(b)(2) requires that "[i]f the party

against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." *Holland* and *Lewis,* however, are not so easily distinguishable. There is language in both of those decisions which lends support to the view that the filing of an entry of appearance or an answer, even though untimely, fully protects a party against a default judgment.

■ I find myself unable to agree, however, with the interpretation of Rule 55 advocated by the defendant. There is no hard and fast rule that the filing of an entry of appearance or an untimely answer renders default judgment "unavailable." Rule 55(b)(2) expressly contemplates that a judgment by default may be entered against a party who has entered an appearance by the requirement that written notice of the application for default judgment be given to the party or the party's representative. An entry of appearance alone simply triggers the requirement that the party be given notice before a motion for default judgment is presented. An answer or an appropriate motion must still be filed within 20 days after being served with process or entering an appearance, whichever first occurs.[10] The defendant's failure to file an answer or appropriate motion within the required time is a failure to defend which exposes it to default judgment under Rule 55. The filing of an untimely answer after a motion for default judgment is filed does not cure a default. The motion for default judgment may still be granted in the court's discretion.

■ In this case, since the authorities relied upon by defense counsel do have

**10.** Superior Court Civil Rule 12.

some language tending to support his position, I will deny the motion for default judgment. The defendant will, however, pay to the plaintiff attorney's fees for all time which plaintiff's counsel has spent addressing the defendant's failure to comply with the Court's rules. Plaintiff's counsel should file a request for fees. Defense counsel may file a response within five days.

For the foregoing reasons, the plaintiff's motion for default judgment is *denied*.

**IT IS SO ORDERED.**