# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

KUSHAL KALPAN SHAH, a.k.a. )
GERRON LINDSAY, )
            )
           Plaintiff , )
          v. )
            )   C.A. No. N13M-10-022 MMJ
ROBERT COUPE, Commissioner of )
Delaware Department of Corrections )
            )
          Defendant.

Submitted: August 29, 2014
Decided: November 3, 2014

Upon Plaintiff's Motion for Default Judgment
**DENIED**

## ORDER

Kushal K. Shah, Petitioner, *Pro Se*.

Kenisha Ringgold, Esquire, Department of Justice, Attorney for Defendant.

**JOHNSTON, J.**

1. On June 27, 2002, Plaintiff Kushal K. Shah ("Shah") pled guilty, but mentally ill to First Degree Murder. Shah was sentenced to the custody of the Delaware Department of Corrections ("DOC") or the Delaware Psychiatric Center ("DPC") for the remainder of his natural life. Since the time of sentencing, Shah has remained at the James T. Vaughn Correctional Center.

2. On October 9, 2013, Shah filed a Petition for Writ of Mandamus ("Petition") in this Court. Shah's Petition asks the Court to compel DOC to transfer Shah to DPC. Shah asserts that 11 *Del. C.* § 408(b) entitled Shah to be confined initially at DPC following his sentencing.

3. On January 3, 2014, Shah filed a letter asking the Court to grant default judgment against Defendant Commissioner Robert Coupe ("Commissioner Coupe"). Shah asserted that the State was served with the Petition on November 12, 2013, and failed to file an answer within the 20-day time period.

4. On May 22, 2014, the State entered an appearance on behalf of Commissioner Coupe. On June 16, 2014, the State filed a Motion to Dismiss Plaintiff's Petition for Writ of Mandamus and Opposition to Plaintiff's Motion for Default Judgment ("Opposition to Default Judgment"). In the Opposition to Default Judgment, the State asserted: "Due to an oversight the undersigned's entry of appearance of [sic] was not filed with the Court."

5. On August 4, 2014, the Court sent a letter to the State requiring an explanation or reason for the oversight. On August 29, 2014, the State sent a letter explaining the reason for the oversight. The State declared that the supporting documents of Shah's Superior Court case were mistakenly filed with a pending District Court lawsuit also filed by Shah. The State represented to the Court that once the mistake was noticed, an entry of appearance was filed, followed subsequently by the Motion to Dismiss.

6. Superior Court Rule 55(b)(1) provides: "When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Prothonotary upon written direction of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has failed to appear in accordance with these Rules unless the defendant is an infant or incompetent person."[1]

7. In contrast, Superior Court Rule 55(b)(2) states: "In all other cases, the party entitled to a judgment by default shall apply to the Court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian, trustee or other representative. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with

---

[1] Super. Ct. Civ. R. 55(b)(1).

written notice of the application for judgment at least 3 days prior to the hearing on such application."[2]

8. In analyzing Rule 55(b), this Court has held that "[t]here is no hard and fast rule that the filing of an entry of appearance or an untimely answer renders default judgment unavailable."[3] After an entry of appearance or an untimely answer is filed, a motion for default judgment still may be granted in the Court's discretion.[4] However, the preference of Delaware courts is to decide cases on their merits.[5] Therefore, public policy requires that any reasonable doubt be resolved in favor of the party opposing the default judgment.[6]

9. In this case, Shah correctly filed the motion for default judgment with the Court under Rule 55(b)(2) because Shah's claim against the State is not for a sum certain. Rather, Shah seeks to compel DOC to transfer Shah to DPC, an action that is not quantifiable. Also, Shah was not obligated to give the State notice of the application for default judgment because as of January 3, 2014, the State had neither entered an appearance nor filed an answer to Shah's petition. Therefore, Shah's motion for default judgment falls into the "[i]n all other cases" language of Rule 55(b)(2).

---

[2] Super. Ct. Civ. R. 55(b)(2).
[3] *Pinkett ex rel. Britt v. Nationwide Mut. Ins. Co.*, 832 A.2d 747, 750 (Del. Super. 2003).
[4] *Id.*
[5] *Marvel v. Prison Industries*, 2006 WL 2242750, at *1 (Del. Super.).
[6] *Id.*; *see also Old Guard Ins. Co. v. Jimmy's Grille, Inc.*, 2004 WL 2154286, at *3 (Del.) (TABLE).

10.  However, as a matter of public policy, the Court will decide Shah's case on its merits.  Although the State failed to enter an appearance until five months after Shah's motion, the Court finds that the State's proffered explanation constitutes excusable neglect.  The Court exercises its discretion against entering a default judgment against the State.

**THEREFORE**, Plaintiff's Motion for Default Judgment is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/___*Mary M. Johnston*_____
The Honorable Mary M. Johnston

5