# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

BRIAN MICHAEL KUEHN,        )
                                       )

     Plaintiff below/Appellant,     )
                                       )

         v.                  )     C.A. No.:  CPU4-13-001383
                                       )

ANDREW CODY COTTER       )
and TRACY CAMPBELL,        )
                                       )

     Defendants below/Appellees.  )

Submitted: October 14, 2014
Decided:  November 14, 2014

William D. Fletcher, Jr., Esq.
414 South State Street
Dover, DE 19901
*Attorney for Appellee*

Brian Michael Kuehn
4676 Augustine Herman Hwy.
Earleville, MD 21919
*Appellant, Pro se*

## ORDER ON PLAINTIFF'S MOTIONS

This matter is before the Court on Plaintiff's post-trial motions.  Plaintiff-Below, Appellant (hereinafter, "Kuehn") moves for the Court to reconsider its decision denying his motion to strike, his motion for summary judgment, and its decision following trial finding for the defendant.

This case arises from Kuehn's attempt to collect from Defendant-Below, Appellees Andrew Cotter (hereinafter, "Cotter") and his mother, Tracy Campbell (hereinafter, "Campbell") an alleged debt in the amount of $750.00.  The Complaint alleges that on

March 16, 2011, Kuehn loaned cotter, a minor under *6 Del. C.* § 2705, $5,650.00 to purchase a vehicle. It further alleged that Cotter made two payments and then failed to pay the balance due. Kuehn filed suit to recover the remaining $750.00 balance.

Trial was held on September 17, 2014. Kuehn dismissed the claim against Campbell with prejudice, at the beginning of trial, proceeding only against Cotter. Kuehn did not testify. He called Cotter as his first witness who testified that while a student in high school, he obtained a job with Kuehn and his partner, Jeffrey Bruette ("Bruette") at their company, Great Big Stuff. Cotter testified that he became close with Kuehn and Bruette. That during this relationship, they would on numerous occasions pick him up from school and take him to their apartment in Maryland where they engaged in sexual activity. As their relationship progressed, Kuehn and Bruette were made aware that Cotter needed a reliable vehicle to commute to work and school. Cotter testified that Kuehn and Bruette assisted him in acquiring the vehicle by providing him a loan to purchase the vehicle. However, Cotter testified that the debt was paid in full and Kuehn accepted final payment from Campbell to settle the debt.

Upon repeated questioning, Cotter steadfastly maintained that there was no balance due on the loan. He further testified that Kuehn brought this claim only after the police were notified by his mother of the sexual relationship. Not only did Kuehn not testify regarding the debt, he also did not present any documentation to support his claim. Kuehn based his entire case on the pleadings during the course of this litigation.

The defense called Tracy Campbell who testified that during a telephone call, Kuehn told her no balance was due on the loan. She further stated she was not present when the

2

vehicle was purchased, and someone forged her signature to purchase the vehicle for her son. Additionally, she was not contacted regarding the amounts claimed until she was served with a complaint in the case.

Campbell testified her son called her from high school and when she picked him up, he told her of the sexual relationship with Kuehn. Thereafter, following his arrest in the State of Maryland for Kuehn's relationship with a minor, he brought this action. Betty Cullen, the grandmother of Cotter, testified that she was present for the conversation between Kuehn and Campbell. Cullen testified she heard Kuehn state that the debt would be satisfied after Campbell made the $1,000.00 payment. Campbell testified that following this conversation, she went to the bank, withdrew $1,000 and paid Kuehn

Following the hearing which Kuehn did not testify nor present any evidence of a loan, I concluded the evidence failed to prove by the preponderance of the existence of a debt. Judgment was entered in favor of Cotter.

## DISCUSSION

### 1.     Motion For Reargument Pursuant To Court Of Common Pleas Civil Rule 59(e)

Kuehn moves for Reargument pursuant to Court of Common Pleas Civil Rule 59(e). A motion for reargument is limited to "reconsideration by the Trial Court of its findings of fact, conclusions of law, or judgment."[1] "A motion for re-argument is granted only if 'the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying

---

[1] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969).

decision."[2] "A party seeking to have the trial court reconsider [an] earlier ruling must demonstrate newly discovered evidence, a change in the law or manifest injustice."[3] "[T]he Court will not entertain new arguments by the parties raised for the first time in a motion for re-argument."[4] A motion for re-argument will generally be denied absent abuse of discretion by the trial court.[5] The facts in this case are clear and compelling. There is no basis for reargument and it is denied.

2. **Motion to Strike**

Kuehn contends that the Court misapprehended the law when it denied his motion to strike Cotter and Campbell's pleading opposing his motion for summary judgment. Additionally, he argues the Court should have granted his motion for judgment for failure to prosecute, contending that their failure to timely file their opposition to the motion is jurisdictional. This argument lacks merit because failure to timely file or respond to a pleading does not raise jurisdictional issues. Delaware law is well settled that "a defendant's failure to file a timely response to a pleading does provide a basis for the court without more to enter a default judgment."[6] Although Appellants' opposition was admittedly untimely, it must be analyzed in light of the "strong judicial policy of deciding cases on the merits."[7] As

---

[2] *State Farm Fire & Cas. Co. v. Middleby Corp.*, 2011 WL 2462661, at *2 (Del. Super. June 15, 2011). (Quoting *Kennedy v. Invacare Corp.,* 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

[3] *Parisan v. Cohan*, 2012 WL 1066506, at *1 (Del. Com. Pl. Mar. 29, 2012).

[4] *Wilmington Trust Co. v. Nix*, 2002 WL 356371, at *1 (Del. Super. Feb. 21, 2002).

[5] *Parisan*, 2012 WL 1066506, at *1.

[6] *Pinkett ex rel. Britt v. Nationwide Mut. Ins. Co.*, 832 A.2d 747, 750-51 (Del.Super. 2003).

[7] *Verizon Delaware, Inc. v. Baldwin Line Const. Co., Inc.*, CIV.A.02C-040212JRS, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004).

such, in determining whether to strike a responsive pleading, it is within the Court's discretion to consider the circumstances surrounding the late filing. Therefore, I find no basis to reconsider this matter.

### 3. Motion for Summary Judgment

Kuehn further argues that the Court has overlooked facts that would change the outcome of the underlying motion when it denied his motion for summary judgment, contending that the Court erred when it held "there still exists the question of the amount due."[8] Kuehn contends that in the pleadings, Cotter and Campbell did not dispute the amount of damages pled in the complaint, and thus there is no dispute that Kuehn is owed $750.00. This position is not supported by the facts. At every stage of the proceeding, Cotter and Campbell disputed the amount claimed.

Additionally, at trial, Cotter, Campbell, and Cullen testified that Kuehn stated during a telephone conversation that the debt would be satisfied after Campbell paid the $1,000.00. Accordingly, Kuehn's motion for reargument on the motion for summary judgment is denied.

### 4. Motion for Judgment for Failure to Prosecute

Kuehn also argues that the Court erred when it denied his Motion for Judgment for failure to Prosecute, relying on his jurisdictional argument. This matter is considered above. I find no basis or merit for this argument and it is denied.

---

[8] Corrected Order on Pl.'s Motions, p.3 ¶2.

### 5. Motion For New Trial Pursuant To Court Of Common Pleas Civil Rule 59(B)

The last motion made by Kuehn is for a new trial pursuant to Court of Common Pleas Civil Rule 59(b) which provides in part, "A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial for any of the reasons for which new trials have heretofore been granted in this Court."[9] Kuehn alleges that the Court, in finding in favor of Cotter and against Kuehn, is against the weight of evidence. This argument fails to take into consideration that Kuehn presented no direct evidence of the amount claimed, and the testimony of the Defendant and the other witnesses, that the debt was paid in full

Accordingly, the motion is DENIED.

**SO ORDERED**

_____
Alex J. Smalls
Chief Judge

Kuehn-ORD  Nov 2014

---

[9] Ct. Com. Pl. Civ. R. 59(b).