# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY LONG,               )
                            )
        Petitioner,         )
                            )
    v.                      )
                            )
KATHLEEN JENNINGS,          )        C.A. No. N21M-02-151 CLS
                            )
        Defendant.          )
                            )
                            )
                            )
                            )

Date Submitted: May 17, 2021
Date Decided: May 25, 2021

*Upon Petitioner Anthony Long's Motion for Default Judgment*
**DENIED**.

*Upon Defendant's Motion to Dismiss*
**GRANTED.**

## ORDER

Anthony Long, Smyrna, Delaware.

Anna E. Currier, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for Defendant Kathleen Jennings.

**SCOTT, J.**

## INTRODUCTION

Before the Court is Plaintiff Anthony Long's ("Mr. Long") Motion for Default Judgment and Defendant Kathleen Jennings, Esquire's (the "State") Motion to Dismiss Mr. Long's Petition for Writ of Mandamus.

After careful consideration of Mr. Long's Motion for Default Judgment, the State's Response to Mr. Long's Motion for Default Judgment, the State's Motion to Dismiss, and Delaware law, Mr. Long's Motion for Default Judgment is **DENIED** and the State's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Mr. Long is currently incarcerated at a Delaware Department of Correction ("DOC") facility, known as the James T. Vaughn Correctional Center ("JTVCC"), and is serving the remainder of his sentence pursuant to *Delaware v. Anthony A. Long*.[1]

Mr. Long believes his Eighth Amendment right to be free from cruel and unusual punishment is being violated by the State of Delaware's conduct in maintaining his Level 5 incarceration, despite the risks imposed by COVID-19 pandemic. Mr. Long believes he should be released to a lower supervision of custody to avert his allegedly "inevitable COVID-19 infection."[2]

---

[1] C.A. No. 1709016602.
[2] Petition at ¶ 21.

1

On February 26, 2021, Mr. Long filed his Petition for Writ of Mandamus in this Court (the "Petition").[3] On May 4, 2021, after having received no response from the State, Mr. Long filed a Motion for Default Judgment. On May 5, 2021, this Court requested a response to the Motion for Default Judgment from the State on or before May 24, 2021. On May 17, 2021, the State filed its Response in Opposition to Mr. Long's Motion for Default Judgment and its Motion to Dismiss Mr. Long's Petition.

## STANDARD OF REVIEW

### A. *Default Judgment*

Pursuant to Superior Court Civil Rule 55(b), default judgment may be entered "when a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by the Rules…"[4] "Entry of default judgment is a matter within the court's discretion. Generally speaking, it is reserved for those occasions where there has been a willful or conscious disregard of the rules of the court."[5] Delaware public policy favors deciding cases on the merits rather than technicalities.

---

[3] Mr. Long simultaneously refers to his Petition for Writ of Mandamus as a Motion to Compel and Rule to Show Cause.
[4] Super. Ct. Civ. R. 55(b).
[5] *Pinkett ex rel. Britt v. Nationwide Mut. Ins. Co.*, 832 A.2d 747, 748-49 (Del. Super. 2003).

### B. *Motion to Dismiss the Petition for Writ of Mandamus*

Delaware courts have consistently applied the Civil Rule 12(b)(6) legal standard when considering motions to dismiss writ of mandamus petitions.[6] "In deciding a motion to dismiss with respect to a petition for a writ of mandamus, this Court must consider the standards a party must meet in obtaining a writ."[7]

A writ of mandamus is an extraordinary remedy issued by this Court to compel a lower court, agency, or public official to perform a nondiscretionary or ministerial duty.[8] The issuance of a writ is discretionary and not a matter of right.[9] Before a writ is issued, "the [p]etitioner must demonstrate that: he [or she] has a clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[10]

A nondiscretionary or ministerial duty must be "prescribed with such precision and certainty that nothing is left to discretion or judgment."[11] "The

---

[6] *See Shah v. Coupe*, 2014 WL 5712617, *1 (Del. Super. Nov. 3, 2014); *Pinkston v. DE Dept. of Corr.*, 2013 WL 6439360, *1 (Del. Super. Dec. 4, 2013).
[7] *Caldwell v. Justice of the Peace Court No. 13*, 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015).
[8] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015).
[9] *Shah*, 2014 WL 5712617, at *1.
[10] *Nicholson v. Taylor*, 882 A.2d 762 (TABLE), 2005 WL 2475736, *2 (Del. 2005); *see also Brittingham*, 113 A.3d 519 (Del. 2015).
[11] *Id.*

3

petitioner must also show that the agency has failed to perform its duty and that no other remedy is available."[12] The petitioner is not entitled to a writ of mandamus if the duty is discretionary, the right is doubtful, the power to perform the duty is inadequate or wanting, or if any other adequate remedy exists.[13]

## PARTIES' ASSERTIONS

### A. Default Judgment

Mr. Long contends, since more than 20 days has elapsed since Kathy Jennings, Esquire was served with his Petition and Summons, that default judgment is appropriate for the State's failure to file an answer or other responsive pleading.

The State argues that Delaware Courts have an established judicial policy of deciding cases on the merits rather than technicalities and that an entry of default judgment in this matter would contravene public policy.

### B. Writ of Mandamus

Mr. Long asserts, in light of the small size of the prison that uses communal and shared spaces, that his Level 5 incarceration violates his Eighth Amendment right to be free from cruel and unusual punishment because he faces of substantial risk of serious harm in the future from COVID-19.

---

[12] *Pleasonton v. Hugg*, 2010 WL 5313228, at *1 (Del. Super. Ct. Nov. 29, 2010).
[13] *Pinkston*, 2013 WL 6439360, at *1.

The State contends that the proper remedy for a violation of constitutional rights falls within the District Court's, and not this Court's, jurisdiction.

## DISCUSSION

### A. *Default Judgment*

In this matter, nothing indicates to the Court that the State has willfully or consciously disregard the rules of the Court.[14] In light of public policy favoring determinations on the merits, and since the State has since submitted both a Response and Motion to Dismiss, this Court finds no reason to grant default judgment in favor of Mr. Long. Accordingly, Mr. Long's Motion for Default Judgment is denied.

### B. *Writ of Mandamus*

Mr. Long is seeking a writ of mandamus to correct an alleged violation of his constitutional rights, specifically his Eighth Amendment right to be free from cruel and unusual punishment.

"In deciding a motion to dismiss with respect to a petition for a writ of mandamus, this Court must consider the standards a party must meet in obtaining a writ."[15] Before a writ is issued, "the petitioner must demonstrate that: he

---

[14] *Pinkett ex rel. Britt v. Nationwide Mut. Ins. Co.*, 832 A. 2d 747 748-49 (Del. Super. 2003)

[15] *Caldwell v. Justice of the Peace Court No. 13*, 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015).

[or she] has a clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[16]

Mr. Long fails to meet one of the requirements for issuance of a writ of mandamus – that no other adequate remedy is available. The remedy for a violation of constitutional rights is not through the issuance of a writ of mandamus by this Court.[17] Another remedy exists, such as a 41 U.S. Section 1983 claim through the District Court. Since Mr. Long fails to meet one of the requirements for issuance of a writ of mandamus, mandamus is inappropriate.

---

[16] *Nicholson v. Taylor*, 882 A.2d 762 (TABLE), 2005 WL 2475736, *2 (Del. 2005); *see also Brittingham*, 113 A.3d 519 (Del. 2015).

[17] *Pinkston v. Del. Dept. of Corr.*, 2013 WL 6439360, at *3 (Del. Super. Dec. 4, 2013) (citing *Washington v. Dept. of Corr.*, 2006 WL 1579773, at *2 (Del. Super. Ct. May 31, 2006)); *Parker v. Kearney*, 2000 WL 1611119, at *5 (D. Del. Aug. 23, 2000)) (holding that Petitioner had an adequate legal remedy for his alleged constitutional claims in the form of a District Court action pursuant to 42 U.S.C. § 1983, therefore a writ of mandamus was inappropriate).

**CONCLUSION**

For the foregoing reasons, Mr. Long's Motion for Default Judgment is **DENIED** and the State's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

<u>/s/ Calvin L. Scott</u>
**The Honorable Calvin L. Scott, Jr.**