# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

DONNA LAVALLE,                    )
                                  )
    Appellant,                    )
                                  )
v.                                )
                                  )     C.A. No. CPU6-20-001100
SCENIC DESIGN, INC.,              )
and Earle Andrews d/b/a           )
SCENIC DESIGN,                    )
                                  )
    Appellee,                     )

Submitted: January 17, 2023
Decided: April 28, 2023
**REVISED: July 7, 2023**
(Last sentence on page 1 was omitted)

Tasha M. Stevens-Gueh, Esquire
Andrew & Stevens-Gueh, LLC
115 S. Bedford Street
Georgetown, DE 19947
*Attorney for Appellant/Plaintiff-below*

Earle Andrews d/b/a Scenic Design
Scenic Design, Inc.
32239 Mt. Pleasant Road
Laurel, DE 19956
*Appellee/Defendant-below*

## DECISION ON MOTION TO APPEAL COMMISSIONER'S RECOMMENDATION

On December 19, 2022, Donna Lavalle ("Appellant") appealed the Commissioner's Recommendation to grant Appellant's Motion for Default Judgement in Part as to Scenic Design, Inc. and deny in part as to Earle Andrews d/b/a Scenic Design due to a lack of jurisdiction. For the reasons discussed below, the Commissioner's Findings of Fact and Recommendation ("Recommendation") is REJECTED in part and ACCEPTED in part and entered as the ORDER of the Court.

1

## PROCEDURAL AND FACTUAL HISTORY

This case is before the Court on appeal from a decision of the Justice of the Peace Court pursuant to 10 *Del. C.* § 9571.[1] On September 10, 2019, Donna Lavalle/Appellant filed a claim against Earle Andrews d/b/a Scenic Design/Appellee for an amount over $5,000 in the Justice of the Peace Court. On October 22, Appellee filed an Answer. The Justice of the Peace Court scheduled a trial for December 18, 2019. Appellant requested a continuance as the parties were attempting a settlement. The Justice of the Peace Court rescheduled the trial for February 21, 2020. Appellant requested another continuance, and the Justice of the Peace Court rescheduled the trial to March 31, 2020.

The Justice of the Peace Court continued the trial to first conduct a pre-trial hearing that was scheduled for September 9, 2020. The Justice of the Peace Court held a pre-trial hearing and scheduled the matter for trial on October 13, 2020. Appellee requested a continuance, and the trial was scheduled for December 8, 2020. The Justice of the Peace Court held the trial and reserved decision. Appellant filed case law on personal liability issue on December 9, 2020. The Justice of the Peace Court issued a decision on December 10, 2020, citing that Appellant averred she reduced the price of her home and returned $10,000 to the new homeowners because of Appellee's substandard work on the improperly installed patio.[2] The Justice of the Peace Court found that Appellant, after selling her home, would have to prove that the home had diminished in value because of Appellant's work on the patio.[3] The Justice of the Peace Court concluded Appellant's unsubstantiated and uncorroborated testimony that she returned monies to the new homeowners is insufficient to prove preponderance of the evidence that Appellee's substandard work caused her

---

[1] Del. J.P. Order, C.A. No. JP-17-19-005381, (Dec. 10, 2020).
[2] *Id.*
[3] *Id.*

a loss on the sale price of the home and awarded judgement in favor of Appellee. The Justice of the Peace Court noted that Appellee, during the course of the trial, moved the Justice of the Peace court to amend the complaint to name his incorporated business as the proper litigant however the Justice of the Peace Court opined the decision on the merits rendered this issue moot.[4]

Appellant filed a Notice of Appeal with the Justice of the Peace Court on December 10, 2020. Appellant filed an appeal de novo in this honorable Court on December 17, 2020 of the Order for Default Judgement against Scenic Design, Inc. and Earle Andrews d/b/a Scenic Design.[5] Appellant states the grounds for the appeal is the Justice of the Peace Court awarded no damages solely based on Appellant's profit of the sale of her home where no testimony was offered that the defective patio contributed in any way to that profit and Appellant sought damages because she did not get the benefit of her bargain and Appellee did not repair it per his express agreement and the contract warranty.[6]

On or about July 2, 2017, Appellant entered into a written contract with Earle Andrews d/b/a Scenic Design for the installation of a patio at her home at 20610 Charlotte Boulevard S. in Millsboro, DE.[7] Alternatively, Appellant contracted with Appellee, Scenic Design, Inc., who failed to disclose its legal identity in the contract.[8] According to the contract, Appellee was to build a 15x15 Paver Patio with a border and a three-piece ledgestone for $3,800 with half due up front and the remainder upon completion.[9] The contract states there is a lifetime warranty on the pavers

---

[4] Id.
[5] Appellant's Notice of Appeal.
[6] Id.
[7] Complaint ¶ 1
[8] Id.
[9] Complaint ¶ 2 and Appellant's Exhibit A.

3

and a three-year warranty on installation.[10] The contact, a general proposal form with no specific letterhead, states the proposal was submitted to Appellant with work to be performed by Scenic Design with Earle Andrews and his phone number listed underneath.[11] Appellant paid the first payment of $1900 on July 2, 2017 by check made out to Scenic Design.[12] Appellee constructed the patio and despite some concerns, Appellant paid the balance $1900 by check made out to Scenic Design on August 9, 2017.[13] The patio began to slope and fall apart, and the wood used to frame the patio was rotting.[14] Despite numerous requests for repair and despite the three-year warranty on installation, and Appellee's agreement to make the repairs, Appellee failed to properly construct or repair the patio.[15] Appellant avers Appellee breached the contract, the warranty of good quality and workmanship, and the express warranty on installation.[16] Appellant seeks all damages flowing from Appellee's breach of contract.

On April 22, 2021, Appellant filed a Motion for Default Judgement to be entered against Scenic Design, Inc. and Earle Andrews d/b/a Scenic Design.[17] Appellant cited she had successfully served notice of the appeal to Scenic Design, Inc. and Earle Andrews d/b/a Scenic Design by leaving Complaints with Diana Andrews on March 4, 2021, with a Returns of Service.[18] The Returns of Service by the Sussex County Sheriff's Office state each summons was delivered to the wife of Appellee and co-owner of Scenic Design.[19] Appellant states that more than the requisite

---

[10] Appellant's Exhibit A.
[11] *Id.*
[12] Complaint ¶ 3 and Appellant's Exhibit B.
[13] Complaint ¶ 4 and Appellant's Exhibit C.
[14] Complaint ¶ 5
[15] *Id.*
[16] Complaint ¶ 6
[17] Appellant's Motion for Default Judgement.
[18] Appellant Motion ¶ 2 and Exhibit A.
[19] Exhibit A.

20 days had passed since service, and Appellees had failed to serve any responsive pleading or otherwise appear in defense of this matter.[20] Appellant states Appellee Earle Andrews is the registered agent of Scenic Design, Inc..[21] Appellant seeks a Default Judgement and requests this honorable Court conduct necessary proceedings to take account and/or determine the appropriate amount of damages, including costs, fees and pre- and post-judgement interest.[22] On May 3, 2021, Earle Andrews/Appellee filed an untimely Answer to the Complaint denying all allegations.[23]

The scheduled a motion hearing for January 11, 2021, however the matter was continued due to Mr. Andrews/Appellee being hospitalized. The Court rescheduled the hearing for August 30, 2022, however the Court rescheduled to October 4, 2022, due to a scheduling conflict. The Court held the motion hearing and Appellees failed to appear. The Court reserved judgement. On December 7, 2022, the Commissioner issued his recommendation.[24] The Commissioner recommended a Default Judgement be entered against Scenic Designs, Inc. in the amount of $3800 and recommended the matter against Earle Andrews d/b/a Scenic Design be dismissed for lack of jurisdiction as this honorable Court does not have the authority to "pierce the corporate veil."[25]

On December 19, 2022, Appellant filed an Appeal of the Commissioner's Proposed Findings of Fact and Recommendation.[26] Appellant asserts she does not seek judgement against Earle Andrews/Appellee that would pierce the corporate veil or hold him liable for the debts of the

---

[20] Appellant's Motion for Default Judgement ¶ 3.
[21] Appellant's Motion for Default Judgement ¶ 4.
[22] Appellant's Motion for Default Judgement ¶ 5.
[23] Earle Andrews proceeded pro se below and in this Court, Scenic Design, Inc. provided no attorney of record for their legal representation.
[24] Commissioner's Proposed Findings of Fact and Recommendation.
[25] Id.
[26] Appellant's Objections to Commissioner's Recommendation.

corporation.[27] Appellee's liability is not based in equity, but on the legal principles of agency in contract law.[28]

## STANDARD OF REVIEW

A Commissioner's decision to grant a Motion for Default Judgement in part is case dispositive.[29] Appeals from a Commissioner's report regarding case dispositive matters are governed by Court of Common Pleas Civil Rule 12(A)(4).[30] "That rule provides a Judge of the Court shall make a *de novo* determination of those portions of the report or specified proposed findings of fact or recommendations made by the Commissioner."[31] "A Judge may also receive further evidence or recommit the matter to the Commissioner with instructions."[32]

"Pursuant to Superior Court Civil Rule 55(b), default judgement may be entered when a party against whom a judgement for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by the Rules .."[33] Entry of default judgement is a matter within the court's discretion.[34] Generally speaking, it is reserved for those occasions where there has been a willful or conscious disregard of the rules of the court.[35] Delaware public policy favors deciding cases on the merits rather than technicalities.[36] "Rule 55(b)(2) provides that in all cases, a party

---

[27] *Id.*
[28] *Id.*
[29] Court of Common Pleas Civil Rule 112(A)(4).
[30] *Id.*
[31] *Platinum Financial Services, Corp. v. Huffman & Huffman*, 2001 WL 155537 at *1 (Del. Super. Oct. 31, 2001).
[32] *Id.*
[33] *Long v. Jennings*, 2021 WL 2134854, at *1 (Del. Super. May 25, 2021). Court of Common Pleas Civil Rule 55 mirrors the Superior Court rule.
[34] *Id.*
[35] *Id.*
[36] *Id.*

entitled to a judgement shall apply to the court where the amount claimed is not for a sum certain."[37]

## DISCUSSION

The Recommendation granted Appellant a default judgement against Scenic Design, Inc. in the amount of $3,800 and dismissed the action against Earle Andrews. Appellee filed an untimely Answer to the Appellant's Complaint and failed to appear for the Motion for Default Judgement hearing. Appellant paid $3800 for a patio installation in two installments. Appellant claims the construction was faulty – the wood was rotting and the patio began to slope. Despite repeated requests for repairs and the three-year warranty for installation, the patio was never repaired. The Court accepts the Commissioner's recommendation to grant the default judgement against Scenic Design, Inc. Appellee breached the contract and the warranty.

The Commissioner found this Court had no jurisdiction as to Earle Andrews d/b/a Scenic Design. Andrews/Appellee failed to disclose his business was incorporated in the State of Delaware when he entered into the contract to construct the patio with Appellant. Andrews/Appellee provided a quote/proposal with only Scenic Design listed on it along with his personal information listed and no official letterhead or stationery. Appellant made out checks to Scenic Design. During the proceedings below, Andrews/Appellee requested the Justice of the Peace Court amend the complaint to name his incorporated business as the proper litigant as Appellant only brought suit against Andrews.

This honorable Court has ruled on this issue of whether there can be personal liability despite acting on behalf of a corporate entity. "As a general rule ... officers of corporations are in the same position as agents of private individuals and are not liable on corporate contracts as long

---

[37] *Pinkett v. Nationwide Mutual Ins. Co.,* 832 A.2d 747, 749 (Del. Super. 2003).

as they do not act and purport to bind themselves as individuals."[38] "Agents who act on behalf of a corporation will be held individually liable ... if they failed to disclose the identity of the corporation ... at the time the contract was made."[39] "Moreover, where an agent seeks to escape personal liability, that agent has a duty of informing the third party of whether the other party is dealing with an individual or a corporation."[40] "It follows that, since it is the agent's duty to make these disclosures, when an agency and identity of the principal are unknown, a third party is not required to discover or make inquiries to discover the fact that the agent is acting in a representative capacity and the identity of the principal."[41]"Therefore, an agent seeking to avoid personal liability bears the burden in proving that he fulfilled the duty to disclose."[42] Appellant brought suit against Andrews in the proceedings below. Appellant asserts she conducted a contract with Andrews who failed to disclose the identity of the corporation at the time of the contract.

---

[38] *Frabizzio v. Hendry, et al*, 2016 WL 1298462, at * 3 (Del. Com. Pl. March 31, 2016).
[39] *Id.*
[40] *Id.*
[41] *Id* at * 4.
[42] *Id* at * 4.

## CONCLUSION

For the foregoing reasons, the Appellant's Motion for Default Judgement is granted, and the Commissioner's Recommendation is Accepted in part against Appellee Scenic Design, Inc. for $3800 and Rejected in part against Appellee Earle Andrews allowing Appellant to proceed against him in further proceedings and entered as the ORDER of the Court.

**IT IS HEREBY ORDERED** this 28th day of April 2023.

The Honorable Rae M. Mims
Judge

Cc:    Shelly Swafford, Judicial Case Manager Supervisor