**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

CKS PRIME INVESTMENTS, LLC )
)
    Plaintiff, )
)
v. )
)     C.A. No. CPU6-22-000345
LISA CHAMBERLAND )
)
    Defendant. )
)
)
)

**ORDER**

Submitted: September 5, 2023
Decided: December 6, 2023

*Upon Consideration of the Commissioner's Findings of Fact*

*and Recommendation –* **ADOPTED**

On this 6th day of December 2023, having considered the Commissioner's Findings of Fact and Recommendation ("Recommendation") recommending the Court enter judgement against Garnishee Softtek Integration Systems, Inc. in the amount of $20,665.31 plus post-judgment interest at 6.75% per annum until paid, and the record, as well as no objections from the parties it appears:

1.    On May 9, 2022, CKS Prime Investments, LLC ("Plaintiff") filed a consumer debt action with this Court against Lisa Chamberland ("Defendant") for $16,938 plus accrued interest to date of the Complaint, pre-judgement and post-judgement interest and attorney's fees. Plaintiff alleged in its Complaint that Defendant was in default for non-payment of an account owned by

1

Plaintiff with the last four digits of XXXX9578.[1] The original owner of this account was Alternative Lending Holdings Trust serviced by Lending Club, LLC.[2]

2.      On July 11, 2022, Plaintiff filed an affidavit for entry of default judgement in its favor against Defendant for failure to file an Answer. Plaintiff requested judgement be entered as: $16,938 Principal Debt; $2,540.70 attorney's fees; $127.50 court costs and a post-judgment interest rate of 6.75% for a total judgment of $19,606.20. Plaintiff's Affidavit, signed by Alia Rivera, stated Defendant defaulted on a consumer loan with the last payment made by Defendant on May 28, 2019.[3] Plaintiff stated it would not be seeking pre-judgement interest.[4]

3.      "Pursuant to Superior Court Civil Rule 55(b), default judgement may be entered when a party against whom a judgement for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by the Rules."[5] Entry of default judgement is a matter within the court's discretion.[6] Generally speaking, it is reserved for those occasions when there has been a willful or conscious disregard of the rules of the court.[7] Delaware public policy favors deciding cases on the merits rather than technicalities.[8] "Rule 55(b)(2) provides that in all cases, a party entitled to a judgement shall apply to the court where the amount claimed is not for a sum certain."[9]

---

[1] Complaint ¶ 3.
[2] *Id.*
[3] Plaintiff's Motion for Default Judgment ¶ 3, 5.
[4] *Id.*
[5] *Long v. Jennings*, 2021 WL 2134854, at *1 (Del. Super. May 25, 2021). Court of Common Pleas Civil Rule 55 mirrors the Superior Court rule.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Pinkett v. Nationwide Mutual Ins. Co.*, 832 A.2d 747, 749 (Del. Super. 2003).

4.    On July 11, 2022, the Court granted in favor of Plaintiff in its Motion for Default Judgement against Defendant for the amount requested with a post-judgment interest rate of 6.75%.

5.    On August 2, 2022, Plaintiff filed an Writ of Fieri Facias with this Court to garnish Defendant's wages from her employer, Softtek Integration Systems, Inc., ("Garnishee") with its registered agent, the Corporation Trust Company located at 1209 Orange Street, Wilmington, DE 19801.[10] Plaintiff requested a total of $19,700.42 plus post-judgement interest and summoned the Garnishee for goods, chattels, rights or effects he/she may be in possession.[11]

The Sheriff's Office submitted a notice on August 12, 2022, it had served a copy of the Writ of Fieri Facias Wage Attachment on Marcel Walker, SOP Manager, Corporation Trust Company, on August 11, 2022.[12]

6.    "Upon commencement of an action, the Clerk of the Court shall forthwith cause to issue the process specified in a praecipe and shall cause to deliver for service to the sheriff of the county specified in the praecipe to serve it."[13] The proof required for the issuance of a mesne writ of attachment under Chapter 35, Title 10, Delaware Code, will be satisfied by filing with the complaint an affidavit of plaintiff setting forth the facts required by the applicable statute."[14] "Any garnishee duly summoned (either on mesne write of attachment or execution process) shall serve upon plaintiff a verified answer within 20 days after service of process, which shall specify what

---

[10] Plaintiff's Execution Praecipe to Garnish Defendant's Wages.
[11] *Id.*
[12] Sheriff's Service Return.
[13] Ct. Com. Pl. Civ. R. 4(a).
[14] Ct. Com. Pl. Civ. R. 4(b)(1).

goods, chattels, rights, credits, money or effects of a defendant, if any, the garnishee has in garnishee's possession of custody."[15]

7.    On May 31, 2023, Plaintiff filed a Motion for Contempt Against Garnishee for failure to file an Answer to Plaintiff's Writ or to garnish the wages of Lisa Chamberland as directed by the Writ of Fieri Facias served upon Garnishee on August 11, 2022 as required by Court Civil Rule 5(aa)(2).[16] On March 23, 2023, Plaintiff sent an attached letter (Exhibit A) in an effort to get Garnishee to respond.[17] In the letter, Plaintiff attaches the process of service and the Writ and states Plaintiff's records indicate they have not received an Answer or garnishment for this Court order.[18] Plaintiff informed Garnishee that unless they respond to Plaintiff within 10 days of this letter, they will be filing a Motion for Judgement of Contempt for an order against Softtek Integration Systems, Inc.[19] The Court scheduled a Rule to Show Cause hearing for June 27, 2023 and notices were sent to Defendant, Garnishee and its registered agent.

8.    On September 5, 2023, the Commissioner recommended judgement by entered against Garnishee, Softtek Integration Systems, Inc. in the same amount as the judgement against Defendant.[20] The Commissioner noted Garnishee was served the Writ of Fieri Facias on August 11, 2022, Garnishee failed to respond to the Writ of Fieri Facias within 20 days and did not respond to Rule to Show Cause or appear for the Rule to Show Cause.[21] The recommended judgement is

---

[15] Ct. Com. Pl. Civ. R. 5(aa)(2).
[16] Plaintiff's Motion for Contempt ¶ 1.
[17] *Id* at ¶ 3.
[18] Exhibit A to Plaintiff's Motion for Contempt.
[19] *Id.*
[20] Commissioner's Findings of Fact and Recommendation.
[21] *Id.*

4

$16,938 Principal Debt; $1,002.36 Pre-Judgment Interest; $2,540.70 Attorney's Fees, $184.25 Court Costs for a total of $20,665.31 with a post-judgment interest at 6.75% per annum until paid.[22]

9.    A Commissioner's decision to grant a Motion for Default Judgement is case dispositive.[23] Appeals from a Commissioner's report regarding case dispositive matters are governed by Court of Common Pleas Civil Rule 112(A)(4).[24] "That rule provides a Judge of the Court shall make a *de novo* determination of those portions of the report or specified proposed findings of fact or recommendations made by the Commissioner."[25] "A Judge may also receive further evidence or recommit the matter to the Commissioner with instructions."[26]

Under the Court's review, Plaintiff filed a Complaint against the Defendant for the default of a consumer loan. Defendant failed to file an Answer and the Court granted a default judgement in favor of Plaintiff against Defendant. Plaintiff then filed a Writ of Fieri Facias against Defendant's employer who failed to file an Answer or appear for the Rule to Show Cause for neither garnishing Defendant's wages nor filing an Answer.

---

[22] *Id.*
[23] Ct. Com. Pl. Civ. R. 112(A)(4).
[24] *Id.*
[25] *Platinum Financial Services, Corp. v. Huffman & Huffman*, 2001 WL 155537 at *1 (Del. Super. Oct. 31, 2001).
[26] *Id.*

**NOW, THEREFORE**, after a review of the record and the Commissioner's Findings of Fact and Recommendation dated September 5, 2023:

**IT IS HEREBY ORDERED** that the Court Adopt the Commissioner's Findings of Fact and Recommendation in its entirety as neither party filed objections.

The Honorable Rae M. Mims
Judge

Cc:    Shelly Swafford, Judicial Case Manager Supervisor