# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICAH J. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24M-09-150 CLS |
| DELAWARE DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

Submitted: February 11, 2025
Decided: March 10, 2025

*Upon Consideration of Petitioner's Motion for Default Judgment,*
**DENIED**.

*Upon Consideration of Respondent's Motion to Dismiss,*
**GRANTED**.

## OPINION AND ORDER

Micah Smith, Wilmington, DE 19802, *Pro se*.

Julia Mayer, Esquire, Deputy Attorney General of DEPARTMENT OF JUSTICE, *Attorney for Respondent*.

**SCOTT, J.**

# FACTS AND PROCEDURAL HISTORY[1]

On September 26, 2024, Petitioner Micah Smith ("Mr. Smith"), an inmate currently housed at the Plummer Community Corrections Center ("Plummer Center"), filed a Petition for a Writ of *Mandamus* against the Delaware Department of Corrections ("DOC").[2] Mr. Smith takes issue with his time as an inmate at Howard R. Young Correctional Institution ("HRYCI"), where he was previously incarcerated before transitioning to the Plummer Center.[3]

Essentially, Mr. Smith seeks several forms of relief: (1) credit for good time for various months to reflect program participation and work hours;[4] (2) "keep the time sheets for Tierman and all other inmate worker positions" at HRYCI;[5] (3) ninety-three days of good time and overtime pay;[6] (4) discontinuation of mixing statutory and meritorious good time and "credit any inmate who lost good time because of the practice with the good time the inmate actually earned;"[7] (5)

---

[1] Unless otherwise noted, the Court's recitation is drawn from Petitioner's Mandamus and all documents the parties incorporated by reference.

[2] *See generally* One Mandamus Conventionally Filed in NCC Prothonotary on September 25, 2024, D.I. 1 ("Mandamus").

[3] *See id.*

[4] *See id.* at 22–23.

[5] *Id.* at 23–24.

[6] *Id.* at 24.

[7] *Id.* at 24–25.

appointment of an "independent auditor" for HRYCI's payroll department;[8] and (6) back pay for all inmate workers allegedly entitled to compensation.[9]

On January 24, 2025, Mr. Smith filed a Motion for Default Judgment, alleging that DOC failed to timely respond to his "complaint."[10] DOC filed their response.[11] On February 6, 2025, DOC moved to dismiss the Petition under Superior Court Civil Rules 12(b)(5) and 12(b)(6), arguing that Mr. Smith failed to complete service as statutorily required and failed to state claim for mandamus relief.[12] Undeterred, Mr. Smith filed numerous motions and letters, including his response to DOC's dismissal and three motions to dismiss.[13]

For the reasons stated herein, Mr. Smith's Motion for Default Judgment is **DENIED**, and DOC's Motion to Dismiss is **GRANTED**. Accordingly, all pending motions are moot and need not be addressed.

---

[8] Mandamus at 26.

[9] *Id.*

[10] *See* Motion for Default Judgment, D.I. 20.

[11] *See* Response to Motion for Default Judgment, D.I. 29.

[12] *See* Motion to Dismiss at 2–6, D.I. 30 ("MTD").

[13] D.I. 32, 33, 34, 35, 36, 38, 39, 42, 43, 44, 45, 46, 49, 50, 51, 52, 53, 54, 55, 56, 57.

## STANDARD OF REVIEW

### A. MOTION FOR DEFAULT JUDGMENT

Pursuant to Superior Court Civil Rule 55(b), default judgment may be entered "when a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by the Rules…"[14] "Entry of default judgment is a matter within the court's discretion. Generally speaking, it is reserved for those occasions where there has been a willful or conscious disregard of the rules of the court."[15] Delaware public policy favors deciding cases on the merits rather than technicalities.

### B. MOTION TO DISMISS

Upon a motion to dismiss under Rule 12(b), the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the non-moving party would not be entitled to recover under any reasonably conceivable set of

---

[14] Super. Ct. Civ. R. 55(b).

[15] *Pinkett ex rel. Britt v. Nationwide Mut. Ins. Co.*, 832 A.2d 747, 748–49 (Del. Super. 2003).

4

circumstances.[16] The Court does not, however, accept "conclusory allegations that lack specific supporting factual allegations."[17]

## DISCUSSION

### A. PETITIONER'S MOTION FOR DEFAULT JUDGMENT

Mr. Smith seeks a default judgment, contending that DOC failed to respond to his Petition within the prescribed time period after service.[18] Mr. Smith, however, has not properly completed the service of process.

While Mr. Smith did serve the DOC on December 9, 2024,[19] he failed to serve the Attorney General, Chief Deputy Attorney General, or State Solicitor as explicitly required by 10 *Del. C.* §3103(c).[20] In a case filed against the Department of Corrections, completion of service on DOC alone is insufficient to trigger the response deadline that Mr. Smith now seeks to enforce.

---

[16] *See ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).

[17] *Id.* (quoting *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[18] *See* Motion for Default Judgment, D.I. 20.

[19] D.I. 15.

[20] "No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General." 10 *Del. C.* §3103(c).

Mr. Smith contends that it is the Sheriff's responsibility to serve the Attorney General's office.[21] This assertion misconstrues the plain text of Superior Court Civil Rule 4.[22] The obligation to effect proper service—including identification of all parties requiring service under the statute—remains squarely with the party initiating the action.

As Mr. Smith has not properly completed the service of process, his Motion for Default Judgment is **DENIED.**

## B. RESPONDENT'S MOTION TO DISMISS

Under Superior Court Civil Rule 4(j), Mr. Smith is required to complete the service by January 27, 2025.[23] The analysis could stop here as he failed to do so. However, even assuming that DOC was properly served, which was not, the Petition fails to state a claim upon which relief can be granted and must be dismissed under Rule 12(b)(6).

---

[21] *See* Pro-se Plaintiff's response to Defendant's Motion to Dismiss, D.I. 33.

[22] "Generally. -- The process shall bear … contain the name of the Court and the names of the parties, state the name of the official or other person to whom it is directed…" Super. Ct. Civ. R. 4(c). "By whom served. -- Service of process shall be made by the sheriff to whom the writ is directed…" Super. Ct. Civ. R. 4(d).

[23] "Time limit for service. -- If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion." Super. Ct. Civ. R. 4(j).

"A writ of mandamus is an extraordinary remedy issued by this Court to compel a lower court, agency, or public official to perform a nondiscretionary or ministerial duty."[24] The issuance of a writ is within the Court's discretion and not a matter of right.[25] To establish a writ is warranted, "the Petitioner must demonstrate that: he [or she] has a clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[26] Mr. Smith fails to do so.

First, Mr. Smith fails to demonstrate that no other adequate remedy is available to him. The exhibits attached to his Petition show that he had initiated the grievance process regarding his credit time concerns.[27] Yet, Mr. Smith provides no information about the outcome after the filing of his grievance.

Second, Mr. Smith has not demonstrated a clear legal right to the performance he seeks to compel. With respect to his claims regarding good time credits, DOC has reviewed and determined that he has been accurately credited with all time owed.[28] Mr. Smith offers no authority contradicting this assessment or establishing

---

[24] *Fatir v. Governor of State*, 2019 WL 162567, at *1 (Del. Super. Jan. 10, 2019) (citing *Allen v. Coupe*, 2016 WL 676041, at * 2 (Del. Super. Feb. 18, 2016)).

[25] *Id.*

[26] *Id.* (citing *Nicholson v. Taylor,* 882 A.2d 762 (Del. 2005) (TABLE)).

[27] D.I. 1, Ex.

[28] MTD, Ex. A.

his entitlement to additional credits. Similarly, he has not demonstrated a clear legal right to receive time sheets, statutory or regulatory.

Third, Mr. Smith's requests exceed the proper scope of mandamus relief. The determination of whether an audit is necessary, and the selection and supervision of an auditor are discretionary judgements that are inappropriate for mandamus relief.[29]

Finally, Mr. Smith lacks standing to assert claims on behalf of other inmates. As a *pro se* litigant, Mr. Smith may only represent himself in this Court.

The Court acknowledge that, as a *pro se* litigant, Mr. Smith pleadings are to be "liberally construed" and "held to less stringent standards."[30] A litigant's insufficiency of legal knowledge, however, is not a valid defense or grounds for leniency in meeting the requirements of a claim.[31]

Accordingly, DOC's Motion to Dismiss is **GRANTED.**

---

[29] Mr. Smith filed another Mandamus in this Court based on the same exact arguments, except the statute that he sought to be reviewed was under 11 *Del. C.* §4217. *See* C.A. No. N24M-09-199 DJB, D.I. 1. The Court ruled that the mandamus was legally frivolous as "there is no legal duty imposed upon the Department of Correction under 11 *Del. C.* §4217. Any application under that statute is discretionary." *See* C.A. No. N24M-09-199 DJB, D.I. 2.

[30] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Erickson v. Pardis*. 551 U.S. 89, 94 (2007).

[31] *Damiani v. Gill*, 116 A.3d 1243, 1243 (Del. 2015) (citing *Draper v. Med. Ctr.,* 767 A.2d 796, 799 (Del. 2001)); *see also Price v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1213292, at *7 (Del. Super. Mar. 15, 2013) (citing *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Default Judgment is **DENIED**. Respondent's Motion to Dismiss is **GRANTED**. In light of the Court's ruling on these dispositive motions, any remaining motions in this matter are moot and need not be addressed.

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

Judge Calvin L. Scott, Jr.