# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N21C-09-058 MAA |
| | ) | |
| v. | ) | |
| | ) | |
| EMEKA IGWE, ESQUIRE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Plaintiff James Arthur Biggins' ("Plaintiff") Motion for Default Judgment and Defendant Emeka Igwe, Esquire's ("Defendant") Motion to Dismiss. Plaintiff and Defendant are both self-represented. For the reasons below, Plaintiff's Motion for Default Judgment is DENIED and Defendant's Motion to Dismiss is GRANTED. Upon consideration of Plaintiff's and Defendant's motions, the responses thereto, the record in this matter, and the applicable legal authorities, it appears to the Court that:

## BACKGROUND

1. Plaintiff is an inmate at James T. Vaughn Correctional Center ("JVCC").

2. Defendant is an attorney in Pennsylvania whose law firm maintains an office in Delaware. On September 10, 2021, Plaintiff filed a Complaint asserting

several causes of action, including: 1) Breach of Fiduciary Duty, 2) Breach of Contract, 3) Fraud[1] and 4) Intentional Infliction of Emotional Distress.

3.  In his Complaint, Plaintiff claims that in October of 2019, Terence Jones, a private investigator for Defendant's law firm, met with Plaintiff because "it had been determined that their cases was [sic] ripe to seek and receive relief from their criminal conviction" and Defendant was willing to represent Plaintiff in criminal and civil relief cases.

4.  Plaintiff claims he signed a contract appointing Defendant as his legal representative. Notably, despite mentioning the contract in several filings, Plaintiff has not provided evidence of this contract (nor any terms of such purported contract) to the Court.

5.  Plaintiff alleges that over the next two years, Plaintiff wrote to Defendant asking why Defendant had not taken any action in his criminal case. Plaintiff's Complaint further alleges conversations Plaintiff had about Defendant with other inmates and Defendant's legal assistant. Plaintiff admittedly never made contact or had a conversation with Defendant himself. Rather, all of Plaintiff's alleged communications were with other individuals. On July 23, 2021, Plaintiff

---

[1]  In Plaintiff's Complaint, Plaintiff asserts "Intentional Misrepresentation By [sic] the Deliberate and Willful Act of Concealing the Material Fact That [Defendant] Was Not License [sic] to Practice Law In [sic] Delaware." The Court interprets this cause of action as that of Fraud.

sent Defendant a letter stating, "[a]s of this letter I no longer permit for you to act in any way as legal counsel for me."[2]

6.      On October 6, 2021, Plaintiff filed an Amended Complaint asserting the same causes of action with additional details.  In his Amended Complaint, Plaintiff details additional conversations he had with others regarding Plaintiff's frustration with Defendant's lack of response.  Plaintiff again admits that, although Plaintiff claims he wrote to Defendant several times, Plaintiff never successfully contacted or conversed with Defendant directly.

7.      On October 26, 2021, Plaintiff filed a Motion for Default Judgment. Plaintiff filed a Motion for Temporary Emergency Injunction on November 3, 2021. On November 9, 2021, the Court ordered the Defendant to respond to both motions. On December 6, 2021, Defendant filed a response in opposition to both motions and a Motion to Dismiss for failure to state a claim pursuant to Superior Court Civil Rule 12(b)(6).[3]

8.      In Defendant's response in opposition to Plaintiff's motions, Defendant explains that Plaintiff's Complaint "arrived in a prison envelope at Defendant's law office."  Defendant did not open the letter for several months due to the voluminous

---

[2]     *See* Pl.'s Compl. Ex. B.

[3]     According to the record, Defendant's responses in opposition and motion to dismiss were dated November 30, 2021, received by the Court on December 2, 2021, and filed on December 6, 2021.

number of unsolicited mailings he receives from inmates each year. Defendant further argues that Plaintiff cannot file motions in Delaware without court approval due to his "numerous meritless filings."[4] Defendant explained that he was not alerted to Plaintiff's Complaint until the Court's November 9, 2021 letter ordering Defendant to respond.

9. In Defendant's Motion to Dismiss, Defendant asserts he has never spoken with or met Plaintiff. Defendant contends that Plaintiff has not properly pleaded the elements of a claim because Plaintiff has not established an attorney-client relationship with Defendant and there is no causal connection between Plaintiff's harm and Defendant's alleged actions.

10. On January 18, 2022, Plaintiff filed a letter to the Court opposing Defendant's Motion to Dismiss. On February 4, 2022, Defendant, in compliance with a Court order, responded to Plaintiff's letter.[5] In Defendant's response, Defendant concedes that his secretary accepted service of Plaintiff's Complaint

---

[4] Although not cited, the Court infers that Defendant is referring to the Court's prior order in *Biggins v. Coupe, et al.*, C.A. No. N16M-02-175-AML, where the Court dismissed the Complaint *sua sponte* upon initial review:

As this Court and the Delaware Supreme Court previously have concluded, Biggins is barred from filing an *in forma pauperis* petition unless the complaint alleges he is in imminent danger of serious physical injury. 10 *Del. C.* § 8804(f); *Biggisn v. Dr. Robinson*, 12 A.3d 1153 (TABLE) (Del. 2011); *Biggins v. Biden*, 2010 WL 3496868 (Del. Super. Sept. 8, 2010). The complaint contains no such allegations.

[5] Since that time, Plaintiff filed numerous letters in response to Defendant's February 4 letter, most recently on May 13, 2022.

under the mistaken belief it was inmate mail. Defendant acknowledges that he is not a licensed attorney in Delaware, but his law firm in Delaware is managed by a Delaware-licensed attorney. Defendant maintains that he has never visited the Plaintiff at JVCC, nor had any direct communication with Plaintiff by phone, mail, or in-person. Defendant further asserts that Terence Jones, the investigator Plaintiff allegedly spoke with, is not an employee of Defendant's firm and has no authority to bind Defendant to a contract.

## **MOTION FOR DEFAULT JUDGMENT**

11.    Superior Court Civil Rule 55(b) sets forth the standard for entry of a default judgment. Civil Rule 55(b) provides that a Court *may* enter judgment by default "when a party has failed to appear, plead, or otherwise defend as provided by the Rules."[6] As the rule's language suggests, Civil Rule 55(b) is "permissive, not mandatory."[7] "Entry of a default judgment in one's favor is not a matter of right but, instead, is a matter within the Court's discretion."[8] Given Delaware's public policy in favor of resolving cases on their merits, the use of a default judgment to resolve a

---

[6]    Superior Court Civil Rule 55(b).

[7]    *Greystone Digital Technology, Inc. v. Alvarez*, 2007 WL 2088859, at *2 (Del. Ch. July 20, 2007).

[8]    *In re 53.1 Acres of Land in Mispillion Hundred*, 2002 WL 31820972, at *2 (Del. Ch. Nov. 27, 2002) (citing *U.S. Surgical Corp v. Auhull*, 1998 WL 326493, at *2 (Del. Ch. May 28, 1998); *see also Long v. Jennings*, 2021 WL 2134854, at *1 (Del. Super. May 25, 2021) (citing *Pinkett ex rel. Britt v. Nationwide Mut. Ins. Co.*, 832 A.2d 747, 748-49 (Del. Super. 2003)).

5

case is an "extreme remedy"[9] reserved for circumstances where there has been "a willful or conscious disregard for the rules of the Court."[10]

12. Here, there is no evidence that Defendant willfully or consciously disregarded the rules of the Court. In fact, when Defendant received an order from the Court to respond, Defendant timely filed his Motion to Dismiss and his response in opposition to Plaintiff's Motion for Default Judgment and Motion for Temporary Emergency Injunction. In each filing, Defendant sufficiently explained his mistake and reason for delay.

13. Thus, absent any willful or conscious disregard of the Court's rules and considering Delaware's public policy favoring resolving cases on their merits, this Court in its sound discretion denies Plaintiff's Motion for Default Judgment.

**MOTION TO DISMISS**

14. On a motion to dismiss under Superior Court Civil Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations.[11] A court is not

---

[9] *Greystone Digital Technology*, 2007 WL 2088859, at *2 (citing *U.S. Surgical Corp.*, 1998 WL 326493, at *2).

[10] *Pinkett ex rel. Britt v. Nationwide Mut. Ins. Co.*, 832 A.2d 747, 748-49 (Del. Super. 2003); *Apartment Comties. Corp. v. Martinelli*, 859 A.2d 67, 69 (Del. 2004) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) ("Most courts have adopted a policy in favor of resolving cases on their merits and against the use of default judgments"); *Long*, 2021 WL 2134854, at *1 ("Delaware public policy favors deciding cases on the merits rather than technicalities.").

[11] *In re Gen. Motors Shareholder Litigation*, 897 A.2d 162, 168 (Del. 2006) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1090 (Del. 2001).

6

required to accept as true conclusory allegations of fact or law without specific supporting factual allegations.[12] "A trial court is required to accept only those 'reasonable inferences that logically flow from the face of the complaint' and 'is not required to accept every strained interpretation of the allegations proposed by the plaintiff.'"[13] Dismissal is warranted if the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[14]

15.     In his Complaint[15], Plaintiff asserts four causes of action: 1) Breach of Fiduciary Duty, 2) Breach of Contract, 3) Fraud[16] and 4) Intentional Infliction of Emotional Distress.

16.     At the outset, the Court must dismiss Plaintiff's claim for breach of fiduciary duty pursuant to Superior Court Civil Rule 12(b)(1) for lack of subject matter jurisdiction.  As opposed to the Court of Chancery's jurisdiction, which lies

---

[12]     *Id.*
[13]     *Id.* (quoting *Malpiede*, 780 A.2d at 1083).
[14]     *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002).
[15]     Consistent with this Court's policy of holding a complaint filed by a self-represented litigant to a less stringent technical standard and allowing a self-represented litigant leeway, for the purposes of Defendant's Motion to Dismiss, the Court will consider all allegations set forth in Plaintiff's Complaint and Amended Complaint.
[16]     In Plaintiff's Complaint, Plaintiff asserts "Intentional Misrepresentation By [sic] the Deliberate and Willful Act of Concealing the Material Fact That [Defendant] Was Not License [sic] to Practice Law In [sic] Delaware."  The Court interprets this cause of action as Fraud.

7

in matters of equity, this Court's jurisdiction lies in matters of law.[17] The Court of Chancery has exclusive jurisdiction over equitable causes of action, such as breach of fiduciary duty.[18] Thus, this Court lacks subject matter jurisdiction over Plaintiff's breach of fiduciary duty claim and dismisses it pursuant to Superior Court Civil Rule 12(b)(1).

17. Plaintiff's additional claims for Breach of Contract, Fraud, and Intentional Infliction of Emotional Distress also fail. Each claim requires at least some representation or conduct by Defendant, or on his behalf, towards Plaintiff. Even taking all of Plaintiff's allegations as true, Plaintiff has not alleged any conduct by Defendant towards Plaintiff. Plaintiff admittedly had no contact with Defendant. All of Plaintiff's allegations come from other individuals, such as inmates, an investigator, and Defendant's legal assistant. Nothing in Plaintiff's Complaint sufficiently alleges that these individuals were Defendant's authorized agents. At most, Plaintiff's alleged conversations with Defendant's legal assistant discussed how Plaintiff could contact Defendant.

18. Plaintiff does not allege any conduct by Defendant that would constitute an offer to form a contract, nor does Plaintiff adequately plead facts evincing the existence of a contract. Plaintiff does not allege any conduct by

---

[17] *Reybold Venture Group XI-A, LLC v. Atlantic Meridian Crossing, LLC*, 2009 WL 143107, at *2 (Del. Super. Jan. 20, 2009).
[18] *McMahon v. New Castle Assoc.*, 532 A.2d 601, 604 (Del. Ch. 1987).

8

Defendant that constitutes an intentional misrepresentation or fraud. Lastly, Plaintiff does not allege any extreme or outrageous conduct by Defendant to support a claim of Intentional Infliction of Emotional Distress. None of Plaintiff's allegations involve Defendant's actions. Thus, there is no alleged conduct by Defendant or causal relationship between Defendant's actions and Plaintiff's harm that would sustain a Breach of Contract action, Fraud, or a claim of Intentional Infliction of Emotional Distress.

19. Accepting all well-pleaded allegations as true and ignoring conclusory allegations that lack specific supporting factual allegations, Plaintiff's Complaint does not allege any reasonably conceivable set of circumstances susceptible of proof on which Plaintiff can recover from Defendant. Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss is Granted. Any remaining pending motions are Denied as Moot.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

Dated: June 16, 2022